# EXHIBIT 1



Search for Cases by: Select Search Method...

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print              GrantedPublicAccess  Logoff AKCHRISAKIS

**23SL-CC00992 - TONYA ROESNER V RESURGENT CAPITAL SERVICES, L.P. (E-CASE)**

FV  File Viewer

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ◉ Descending   ○ Ascending

Display Options: All Entries

---

**03/10/2023**  ☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-1972, for RESURGENT CAPITAL SERVICES, L.P..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**03/09/2023**  ☐ **Filing Info Sheet eFiling**
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Motion Special Process Server**
Motion for Special Process Server.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.

☐ **Pet Filed in Circuit Ct**
Petition.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** TONYA ROESNER

**03/09/2023**  ☐ **Judge Assigned**
DIV 1

---

Case.net Version 5.14.62                  Return to Top of Page                  Released 02/03/2023

23SL-CC00992

Electronically Filed - St Louis County - March 09, 2023 - 04:11 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **TONYA ROESNER,**<br><br>    Plaintiff,<br><br>v.<br><br>**RESURGENT CAPITAL SERVICES, L.P.,**<br><br><u>Serve at:</u><br>    CSC-Lawyers Incorp. Service Company<br>    221 Bolivar St.,<br>    Jefferson City, MO 65101<br><br>    Defendant. | Cause No<br><br>Division<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Tonya Roesner ("Plaintiff"), by and through her undersigned counsel, and for her petition states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at her residence in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is proper in the County of St. Louis, Missouri for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Saint Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from consumer purchases of goods and services Plaintiff made on her U.S. Bank credit account.

6. Plaintiff has a bona-fide dispute of the debt. While Plaintiff did purchase consumer goods and services on her U.S. Bank credit account, the balance alleged of $6,674.20 is not accurate to the best of Plaintiff's understanding as it overstates any amount that could be due or owing to Defendant.

7. Defendant Resurgent ("Defendant") is a foreign limited liability company with its principal place of business located outside the state of Missouri.

8. The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9. Defendant is engaged in the collection of debts from consumers through means of using mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

## FACTS

10. Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

11. On January 04, 2023, Defendant attempted to collect the alleged consumer debt from Plaintiff via mail by sending its collection letter to Plaintiff.

12. Plaintiff believed the balance to be suspicious for the reasons stated above.

Electronically Filed - St Louis County - March 09, 2023 - 04:11 PM

13. Accordingly, Plaintiff hired an attorney to advise her with respect to the debt that Defendant was trying to collect.

14. Plaintiff paid her attorney a significant fee for this representation to ensure that Defendant would be compelled to deal with her attorney once Plaintiff informed Defendant that she had retained counsel.

15. After retaining counsel, Plaintiff called Defendant to provide her attorney's contact information and to advise Defendant that she disputed the debt.

16. After verifying Plaintiff's identity, Plaintiff informed Defendant that she had hired an attorney to help her in regards to the alleged debt.

17. Defendant, rather than taking Plaintiff's attorney's contact information and ending the call, proceeded to attempt to collect on the debt. Specifically, Defendant told Plaintiff that "We are the debt collection agency now. We are able to negotiate with you and provide you with a lower amount to settle the debt. It's going to be the same thing with the lawyer."

18. This was an attempt to collect directly from Plaintiff and an attempt to make it seem that Plaintiff's decision to hire counsel was an unbeneficial one.

19. Plaintiff reiterated that she prefers her lawyer to deal with Defendant.

20. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to her counsel, anxiety, frustration, and worry.

21. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

    a. Plaintiff has been deprived of her statutorily created right to attorney representation on a debt.

22. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant engaged in the phone call with Plaintiff.

23. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

24. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

25. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Refusing to cease collection communications with Plaintiff once Defendant knew or should have known that Plaintiff was represented by counsel. 15 U.S.C. § 1692c.

    b. Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to refusing to acknowledge Plaintiff's right to attorney representation.  15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages in an amount to be determined by the jury;

    C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, #52046
David A. Weber, #70409 MO
7321 S. Lindbergh Blvd., Ste. 400B
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com
            david@voytaslaw.com

*Attorneys for Plaintiff*

23SL-CC00992

Electronically Filed - St Louis County - March 09, 2023 - 04:11 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

__TONYA ROESNER__
Plaintiff/Petitioner

vs.

__RESURGENT CAPITAL SERVICES, L.P.__
Defendant/Respondent

__March 7, 2023__
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff_____, pursuant
                   Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
__Action Legal Process. Ronald Rugen. 131 W High Street, #6944. Jefferson City, MO 65101. (888) 511-1919__
Name of Process Server         Address                                                              Telephone

_____
Name of Process Server         Address or in the Alternative                                         Telephone

_____
Name of Process Server         Address or in the Alternative                                         Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
__CSC-Lawyers Incorporating Service Company__
Name
__221 Bolivar St.__
Address
__Jefferson City, MO__
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
      Deputy Clerk

_____
Date

__/s/ Richard A. Voytas, Jr._____
Signature of Attorney/Plaintiff/Petitioner
__52046_____
Bar No.
__7321 S. Lindbergh Blvd, Ste 400B, St. Louis, MO__
Address
__(314) 380-3166__          __(314) 380-3166__
Phone No.                        Fax No.

CCADM62-WS   Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms .

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/19

**23SL-CC00992**

Electronically Filed - St Louis County - March 09, 2023 - 04:11 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

__TONYA ROESNER__
Plaintiff/Petitioner

vs.

__RESURGENT CAPITAL SERVICES, L.P.__
Defendant/Respondent

For File Stamp Only

__March 7, 2023__
Date

_____
Case Number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff_____, pursuant
       Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
__Action Legal Process. Ronald Rugen. 131 W High Street, #6944. Jefferson City, MO 65101. (888) 511-1919__
Name of Process Server                Address                                                                Telephone

_____
Name of Process Server                Address or in the Alternative                                          Telephone

_____
Name of Process Server                Address or in the Alternative                                          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
__CSC-Lawyers Incorporating Service Company__
Name
__221 Bolivar St.__
Address
__Jefferson City, MO__
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ___*/s/Adam Dockery*___
      Deputy Clerk

__3/10/2023__
Date

__/s/ Richard A. Voytas, Jr.__
Signature of Attorney/Plaintiff/Petitioner
__52046__
Bar No.
__7321 S. Lindbergh Blvd, Ste 400B, St. Louis, MO__
Address
__(314) 380-3166__          __(314) 380-3166__
Phone No.                              Fax No.

CCADM62-WS   Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms .

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 23SL-CC00992 |
|---|---|
| Plaintiff/Petitioner:<br>TONYA ROESNER | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD ANTHONY VOYTAS Jr.<br>7321 S. LINDBERGH BLVD<br>SUITE 101<br>SAINT LOUIS, MO  63125 |
| vs. | |
| Defendant/Respondent:<br>RESURGENT CAPITAL SERVICES, L.P. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** RESURGENT CAPITAL SERVICES, L.P.
            **Alias:**
**CSC LAWYERS INC SERV CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**10-MAR-2023**                                 _____
       Date                                                                                                    Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return
**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____        _____
       Printed Name of Sheriff or Server                                                Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
       Subscribed and sworn to before me on _____ (date).
       My commission expires: _____        _____
                                                                 Date                                                           Notary Public
*(Seal)*

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $_____10.00_____
Mileage                                    $_____  (_____ miles @ $._____ per mile)
**Total**                                     **$_____**
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

### Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73